UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1617 WESTCLIFF LLC,<br><br>                         Plaintiff,<br><br>            v.<br><br>WELLS FARGO BANK N.A., *etc., et al.*,<br><br>                       Defendants. | CASE NO: SACV 14-1941 JVS (DFMx)<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

1

1        This case involves a dispute between plaintiff 1617 Westcliff LLC ("1617 Westcliff") and Wells Fargo Bank N.A, *etc., et al.* (collectively "Wells Fargo") concerning a commercial loan which Well Fargo issued to 1617 Westcliff. The Court now enters its Findings of Fact and Conclusions of Law pursuant to Rule 52(a)(1) of the Federal Rules of Civil Procedure with respect to 1617 Westcliff's sole remaining claim for violation of California Business and Professions Code § 17200 ("Section 17200"). 1617 Westcliff contends that Well Fargo promised but failed to perform its obligation to negotiate for a modification to the loan.

JURISDICTION

1. The Court has jurisdiction pursuant to the diversity statute. 28 U.S.C. § 1332(a). 1617 Westcliff is a Delaware limited liability company; all of its members are citizens of California. Therefore, 1617 Westcliff is a citizen of California. <u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006). Wells Fargo is a citizen of South Dakota. The amount in controversy exceeds $75,000.

PROCEDURAL BACKGROUND

2. 1617 Westcliff filed suit in the California Superior Court for the State of California, County of Orange asserting various state law claims. (Docket

2

No. 1-3.)  The case was removed to this Court.  (Docket No. 1.)  The operative complaint, the Second Amended Complaint, asserts claims for a false representation or a representation made recklessly or without regard to the truth; negligent misrepresentation; violation of Section 17200; and unjust enrichment. (Docket No. 56.)

3. The misrepresentation, negligent misrepresentation, and unjust enrichment claims were tried to a jury.  (Docket No. 216, 218, 219, 222, 227.)  The jury returned a verdict on each claim in favor Wells Fargo and against 1617 Westcliff.  (Docket No. 228; redacted.)  The Section 17200 claim was reserved to the Court.

4. Following the jury trial, the parties submitted trial briefs on the Section 17200 claim.  (Docket Nos. 230, 231, 232.)  No further evidence was taken.

## FINDINGS OF FACT

5. The parties are:
- 1617 Westcliff, the owner of a commercial real estate building at the same address in Costa Mesa, California.
- Wells Fargo, a national bank and the successor lender in this case.
- Torchlight Loan Services, LLC ("Torchlight"), a loan servicer.

6. In July 2004, Well Fargo's predecessor made a $6.9 million to 1617 Westcliff, secured by a deed of trust.

7. In 2011, 1617 Westcliff fell into financial difficulties and voluntarily defaulted on the loan by failing to make the monthly loan payment and remittance of rents to a lock box.

8. 1617 Westcliff attempted to renegotiate the loan.

9. On behalf of Wells Fargo, Torchlight negotiated a Pre-Negotiation Agreement ("PNA") with 1617 Westcliff.  Well Fargo required the PNA before it would enter into any discussion concerning modification of the loan terms.

10. Based on its independent review of the trial evidence, the Court finds that Wells Fargo and Torchlight fully discharged their duties to negotiate under the PNA.  There was no breach; hence there were no fraudulent or negligent misrepresentations.  The Court reaches the same conclusion as a matter of collateral estoppel, based on the jury verdict in favor Well Fargo and Torchlight on the claims that they had falsely or negligently represented them would negotiate as they were required to do under PNA (Docket No. 228, Questions 1, 3, 5, 7). Teutscher v.  Woodson, 835 F.3d 936, 944, 950 (9th Cir. 2016).

11. On the same two bases, the Court finds that Wells Fargo was not

unjustly enriched.

12. On appellate review following the first jury trial, the Ninth Circuit held that the PNA was illusory and unenforceable. (Docket No. 47, p. 4.) The Court is bound by this determination.

13. The Court finds that no injury flowed from the making of an illusory promise. First, as a matter of fact, Wells Fargo and Torchlight performed the contract, and discharged their duties to negotiate. Second, any injury is identical to the injury claimed by 1617 Westcliff in the jury trial, and any claim for such injury under the Section 17200 claim is barred by collateral estoppel.

14. Where the defendants in fact performed their illusory and unenforceable promise, there was no unfairness because 1617 Westcliff received exactly what it bargained for.

15. Because 1617 Westcliff abandoned its claims under the unlawful and fraudulent prongs of Section 17200, the Court does not address the facts related to these theories.[1]  (See Docket No. 230, p. 2.)

---

[1] However, any claim based on the fraud prong would be barred by collateral estoppel. (See ¶ 10 , supra.) Moreover, 1617 Westcliff has offered no evidence that the conduct of Well Fargo and Torchlight was unlawful.

CONCLUSIONS OF LAW

16. Wells Fargo and Torchlight performed their obligation under the PNA. There was no breach of the PNA.

17. Neither Well Fargo nor Torchlight made a representation which was false, negligent, reckless, or made without regard to the truth.

18. Section 17200 provides three bases for liability: fraudulent, unlawful, and unfair conduct. Cel-Tech Communications v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999). The sole basis for liability under Section 17200 asserted by 1617 Westcliff is the unfair prong.

19. In light of 1617 Westcliff's abandonment of its fraudulent and unlawful theories, Well Fargo and Torchlight are entitled to judgment on these theories.

20. The conduct of Wells Fargo and Torchlight was not unfair.

21. Well Fargo and Torchlight are entitled to judgment on the Section 17200 claim.

CONCLUSION

Wells Fargo shall lodge a proposed form of Final Judgment encompassing all dispositive rulings in the case within ten days.

Dated: December 27, 2022

                                            James V. Selna
                                            United States District Judge.